IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOPE MEDICAL ENTERPRISES, INC., d/b/a Hope Pharmaceuticals, <br><br> Plaintiff, <br><br> v. <br><br> SOMERSET THERAPEUTICS, LLC, SOMERSET PHARMA, LLC, SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED, and ODIN PHARMACEUTICALS, LLC, <br><br> Defendants. | C.A. No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hope Medical Enterprises, Inc., d/b/a Hope Pharmaceuticals ("Hope" or "Plaintiff"), by its attorneys, brings this complaint against Defendants Somerset Therapeutics, LLC ("Somerset Therapeutics"), Somerset Pharma, LLC ("Somerset Pharma"), Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited ("Somerset Private"), and Odin Pharmaceuticals, LLC ("Odin") (collectively, "Somerset" or "Defendants"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, et seq., that arises out of Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a purported generic version of Hope's Sodium Thiosulfate Injection, 250 mg/mL, prior to the expiration of U.S. Patent Nos.

8,496,973 ("the '973 patent"); 9,345,724 ("the '724 patent"); 11,753,301 ("the '301 patent"); and 12,304,813 ("the '813 patent") (collectively, "the patents-in-suit").

## PARTIES

2.  Plaintiff Hope is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 16416 N. 92nd Street #125, Scottsdale, AZ 85260.

3.  On information and belief, Defendant Somerset Therapeutics is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset Therapeutics is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

4.  On information and belief, Defendant Somerset Pharma is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Somerset Pharma is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

5.  On information and belief, Defendant Somerset Private is a corporation organized and existing under the laws of India, having a corporate headquarters at 54/1 Budihal, Nelamangala, Bengaluru-562123, Karnataka, India. On information and belief, Somerset Private is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

6. On information and belief, Defendant Odin is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873. On information and belief, Odin is in the business of, among other things, manufacturing, promoting, marketing, selling, offering for sale, using, distributing, and importing into the United States, generic versions of branded pharmaceutical drugs for the U.S. market.

## HOPE'S SODIUM THIOSULFATE DRUG PRODUCT

7. Hope is the holder of New Drug Application ("NDA") No. 203923, under which the FDA approved the commercial marketing of Hope's Sodium Thiosulfate Injection, 250 mg/mL ("Hope's NDA Product" or "the NDA Product") on February 14, 2012, under Section 505(b) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a), for sequential use with sodium nitrite for the treatment of acute cyanide poisoning that is judged to be serious or life-threatening. Hope commenced commercial sales of its Sodium Thiosulfate Injection for this indication in 2012. Hope's Sodium Thiosulfate Injection is marketed in the United States for sequential use with sodium nitrite and sold either as a standalone injection or as part of Hope's Nithiodote® kits (in combination with a sodium nitrite injection).

8. Hope's NDA Product is covered by one or more claims of the patents-in-suit. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, these patents have been listed in connection with NDA No. 203923 in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book").

## SOMERSET'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

9. By a letter dated November 3, 2025 (the "Somerset Notice Letter"), Somerset notified Plaintiff that Defendants had submitted to the FDA ANDA No. 220473 ("Somerset's ANDA") describing a purported generic version of a sodium thiosulfate injection USP, 12.5 g/50

mL (250 mg/mL) single-dose vial ("Somerset ANDA Product"). The Somerset Notice Letter indicated that Defendants seek FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Somerset ANDA Product in or into the United States, including Delaware, prior to the expiration of the patents-in-suit.

10. On information and belief, Defendants know and intend that upon approval of Somerset's ANDA, Defendants will manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Somerset ANDA Product throughout the United States, including in Delaware.

11. On information and belief, Defendants have submitted or caused the submission of Somerset's ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the Somerset ANDA Product, as a purported generic version of Hope's NDA Product, prior to the expiration of the patents-in-suit.

12. The Somerset Notice Letter acknowledged that the Reference Listed Drug for Somerset's ANDA is Hope's NDA Product.

13. By filing the ANDA, Defendants have represented to the FDA that Somerset's ANDA Product is bioequivalent to Hope's NDA Product.

14. The Somerset Notice Letter also notified Plaintiff that, as part of Somerset's ANDA, Defendants had filed purported Paragraph IV Certifications pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), with respect to the patents-in-suit.

15. On information and belief, Defendants submitted Somerset's ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of

the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the Somerset ANDA Product.

16. On information and belief, Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, prepared and submitted Somerset's ANDA, and intend to further prosecute Somerset's ANDA.  On information and belief, if the FDA approves Somerset's ANDA, Defendants will manufacture, distribute, promote, market, use, offer for sale, or sell the Somerset ANDA Product within the United States, or will import the Somerset ANDA Product into the United States.  On information and belief, if the FDA approves Somerset's ANDA, Defendants, through their own actions and through the actions of their agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, distribution, promotion, marketing, use, offer for sale, sale, or importation of the Somerset ANDA Product in or into the United States.

17. Plaintiff brings this action within forty-five days of receipt of the Somerset Notice Letter.  Accordingly, Plaintiff is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## JURISDICTION AND VENUE

18. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

19. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., generally, including 35 U.S.C. § 271(e)(2).  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20. Somerset Therapeutics is subject to personal jurisdiction in this Court because, among other things, Somerset Therapeutics is incorporated as an LLC in the State of Delaware and thus has sufficient continuous and systematic contacts with Delaware that it is considered at home.

21. Somerset Pharma is subject to personal jurisdiction in this Court because, among other things, Somerset Pharma is incorporated as an LLC in the State of Delaware and thus has sufficient continuous and systematic contacts with Delaware that it is considered at home.

22. Odin is subject to personal jurisdiction in this Court because, among other things, Odin is incorporated as an LLC in the State of Delaware and thus has sufficient continuous and systematic contacts with Delaware that it is considered at home.

23. Somerset Private is subject to personal jurisdiction in this Court because, among other things, it (1) has purposefully availed itself of the privilege of doing business in Delaware, including directly or indirectly through its related entities (e.g., Somerset Therapeutics, Somerset Pharma, and Odin), and (2) maintains pervasive, continuous, and systematic contacts with the State of Delaware through the marketing, distribution, and sale of generic versions of branded pharmaceutical products in the State of Delaware, directly and through its affiliates, and by deriving substantial revenue from the importation and sale of its products in the State of Delaware.

24. Alternatively, Somerset Private is subject to personal jurisdiction in this Court pursuant to Federal Rule of Civil Procedure 4(k)(2) as (1) Hope's claims arise under federal law; (2) Somerset Private is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Somerset Private has sufficient contacts with the United States as a whole, including but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Somerset Private satisfies due process.

25. Moreover, Somerset Private is presently litigating a Hatch-Waxman patent infringement dispute in the District of Delaware and has not contested jurisdiction in Delaware in

that case arising out of filing an ANDA. *See AVEO Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC et al.*, C.A. No. 25-cv-560 (D. Del.), D.I. 9, ¶ 15.

26. Defendants are subject to personal jurisdiction in Delaware because, among other things, Defendants have purposely availed themselves of the benefits and protections of Delaware's laws such that they should reasonably anticipate being sued in this Court. On information and belief, Defendants develop, manufacture, import, market, distribute, use, offer to sell, and/or sell generic drugs throughout the United States, including in the State of Delaware, and therefore transact business within the State of Delaware related to Plaintiff's claims, and/or have engaged in systematic and continuous business contacts within the State of Delaware.

27. On information and belief, Defendants intend a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will continue to lead to foreseeable harm and injury to Hope in Delaware and this Judicial District.

28. Defendants have committed an act of infringement in this Judicial District by filing ANDA No. 220473 with the intent to make, use, sell, offer for sale, and/or import the Somerset ANDA Product in or into this Judicial District, prior to the expiration of the patents-in-suit.

29. Defendants have taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Somerset ANDA Product, that will be purposefully directed at Delaware and elsewhere in the United States.

30. On information and belief, Defendants have systematic and continuous contacts with Delaware; have established distribution channels for drug products in Delaware; regularly and continuously conduct business in Delaware, including by selling drug products in Delaware, either directly or indirectly through their subsidiaries, agents, or affiliates; have purposefully availed themselves of the privilege of doing business in Delaware; and derive substantial revenue

from the sale of drug products in Delaware.  Moreover, Somerset Therapeutics, Somerset Pharma, and Odin are incorporated in Delaware.

31. On information and belief, if Somerset's ANDA is approved, Defendants will manufacture, market, promote, sell, offer for sale, import, use, and/or distribute the Somerset ANDA Product within the United States, including in Delaware, consistent with Defendants' practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, Defendants regularly do business in Delaware, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  On information and belief, Defendants' generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  On information and belief, the Somerset ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of the patents-in-suit in the event that the Somerset ANDA Product is approved before the patents-in-suit expire.

32. On information and belief, Defendants derive substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Defendants and/or for which Defendants are the named applicant on approved ANDAs.  On information and belief, various products for which Defendants are the named applicant(s) on approved ANDAs are available at hospital and/or retail pharmacies in Delaware.

33. On information and belief, each of the Defendants participated, directly or indirectly, in the preparation and/or submission of Somerset's ANDA.  On information and belief, Defendants will work in privity and/or concert either directly or indirectly with each other and/or

through other related entities towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including Somerset's ANDA Product, throughout the United States, including in Delaware and in this Judicial District, prior to the expiration of the patents-in-suit.

34. On information and belief, Somerset Private intends to benefit directly if Somerset's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of Defendants' ANDA.

35. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

36. Venue is proper in this Judicial District because, among other things, Somerset Therapeutics is incorporated as an LLC in the State of Delaware and resides in this Judicial District.

37. Venue is proper in this Judicial District because, among other things, Somerset Pharma is incorporated as an LLC in the State of Delaware and resides in this Judicial District.

38. Venue is proper in this Judicial District because, among other things, Odin is incorporated as an LLC in the State of Delaware and resides in this Judicial District.

39. Venue is proper in this Judicial District with respect to Somerset Private because, upon information and belief, Somerset Private is a foreign corporation that may be sued in any judicial district where it is subject to the personal jurisdiction of the Court, including this Judicial District.

40. Moreover, Somerset Private is presently litigating a Hatch-Waxman patent infringement dispute in the District of Delaware and has not contested venue in Delaware in that

case arising out of filing an ANDA. *See AVEO Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC et al*, C.A. No. 25-cv-560 (D. Del.), D.I. 9, ¶ 20.

## THE PATENTS-IN-SUIT

41. The '973 patent, titled "Sodium Thiosulfate-Containing Pharmaceutical Compositions" was duly and legally issued on July 30, 2013 (attached as Exhibit A). Plaintiff Hope is the owner of all right, title, and interest in, and has all the rights to enforce, the '973 patent.

42. The '973 patent is listed in the Orange Book in conjunction with Hope's NDA Product.

43. The '724 patent, titled "Sodium Thiosulfate-Containing Pharmaceutical Compositions" was duly and legally issued on May 24, 2016 (attached as Exhibit B). Plaintiff Hope is the owner of all right, title, and interest in, and has all the rights to enforce, the '724 patent.

44. The '724 patent is listed in the Orange Book in conjunction with Hope's NDA Product.

45. The '301 patent, titled "Sodium Thiosulfate-Containing Pharmaceutical Compositions" was duly and legally issued on September 12, 2023 (attached as Exhibit C). Plaintiff Hope is the owner of all right, title, and interest in, and has all the rights to enforce, the '301 patent.

46. The '301 patent is listed in the Orange Book in conjunction with Hope's NDA Product.

47. The '813 patent, titled "Sodium Thiosulfate-Containing Pharmaceutical Compositions" was duly and legally issued on May 20, 2025 (attached as Exhibit D). Plaintiff Hope is the owner of all right, title, and interest in, and has all the rights to enforce, the '813 patent.

48. The '813 patent is listed in the Orange Book in conjunction with Hope's NDA Product.

## COUNT I – INFRINGEMENT OF THE '973 PATENT

49. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

50. Defendants' submission of Somerset's ANDA, with the accompanying Paragraph IV Certification and notice to Hope of same, to engage in the commercial manufacture, sale, offer for sale, or importation into the United States of Somerset's ANDA Product, prior to the expiration of the '973 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A) by Defendants.

51. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, there is a justiciable controversy between the parties hereto as to the infringement of the '973 patent.

52. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will infringe one or more claims of the '973 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States.

53. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will induce infringement of one or more claims of the '973 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, upon FDA approval of Somerset's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '973 patent and knowledge that their acts are encouraging infringement.

54. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will contributorily infringe one or more claims of the '973 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States.  On information and belief, and as a reasonable opportunity for further investigation or discovery will show, Defendants have had and continue to have knowledge that Somerset's ANDA Product is especially adapted for a use that infringes one or more claims of the '973 patent and that there is no substantial non-infringing use for Somerset's ANDA Product.

55. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, Plaintiff will be substantially and irreparably damaged and harmed if Defendants' infringement of the '973 patent is not enjoined.

56. Plaintiff does not have an adequate remedy at law.

## COUNT II – INFRINGEMENT OF THE '724 PATENT

57. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

58. Defendants' submission of Somerset's ANDA, with the accompanying Paragraph IV Certification and notice to Hope of same, to engage in the commercial manufacture, sale, offer for sale, or importation into the United States of Somerset's ANDA Product, prior to the expiration of the '724 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A) by Defendants.

59. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, there is a justiciable controversy between the parties hereto as to the infringement of the '724 patent.

60. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA,

Defendants will infringe one or more claims of the '724 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States.

61. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will induce infringement of one or more claims of the '724 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, upon FDA approval of Somerset's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '724 patent and knowledge that their acts are encouraging infringement.

62. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will contributorily infringe one or more claims of the '724 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, Defendants have had and continue to have knowledge that Somerset's ANDA Product is especially adapted for a use that infringes one or more claims of the '724 patent and that there is no substantial non-infringing use for Somerset's ANDA Product.

63. On information and belief, and as a reasonable opportunity for further investigation or discovery will show, Plaintiff will be substantially and irreparably damaged and harmed if Defendants' infringement of the '724 patent is not enjoined.

64. Plaintiff does not have an adequate remedy at law.

## COUNT III – INFRINGEMENT OF THE '301 PATENT

65. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

66. Defendants' submission of Somerset's ANDA, with the accompanying Paragraph IV Certification and notice to Hope of same, to engage in the commercial manufacture, sale, offer for sale, or importation into the United States of Somerset's ANDA Product, prior to the expiration of the '301 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A) by Defendants.

67. There is a justiciable controversy between the parties hereto as to the infringement of the '301 patent.

68. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will infringe one or more claims of the '301 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States.

69. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will induce infringement of one or more claims of the '301 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, upon FDA approval of Somerset's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '301 patent and knowledge that their acts are encouraging infringement.

70. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will contributorily infringe one or more claims of the '301 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, Defendants have had and continue to have knowledge that Somerset's ANDA Product is especially adapted for a use that infringes one or

more claims of the '301 patent and that there is no substantial non-infringing use for Somerset's ANDA Product.

72. Plaintiff will be substantially and irreparably damaged and harmed if Defendants' infringement of the '301 patent is not enjoined.

72. Plaintiff does not have an adequate remedy at law.

### COUNT IV – INFRINGEMENT OF THE '813 PATENT

73. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

74. Defendants' submission of Somerset's ANDA, with the accompanying Paragraph IV Certification and notice to Hope of same, to engage in the commercial manufacture, sale, offer for sale, or importation into the United States of Somerset's ANDA Product, prior to the expiration of the '813 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A) by Defendants.

75. There is a justiciable controversy between the parties hereto as to the infringement of the '813 patent.

76. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will infringe one or more claims of the '813 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States.

77. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will induce infringement of one or more claims of the '813 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, upon FDA approval of Somerset's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '813 patent and knowledge that their acts are encouraging infringement.

78. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Defendants will contributorily infringe one or more claims of the '813 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Product in the United States. On information and belief, Defendants have had and continue to have knowledge that Somerset's ANDA Product is especially adapted for a use that infringes one or more claims of the '813 patent and that there is no substantial non-infringing use for Somerset's ANDA Product.

79. Plaintiff will be substantially and irreparably damaged and harmed if Defendants' infringement of the '813 patent is not enjoined.

80. Plaintiff does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hope respectfully requests the following relief:

(a) A Judgment that Defendants have infringed the patents-in-suit by submitting ANDA No. 220473 with the accompanying Paragraph IV Certifications and notice to Hope of same;

(b) A Judgment that Defendants have infringed, and that Defendants' making, using, selling, offering to sell, or importing Somerset's ANDA Product would infringe one or more claims of the patents-in-suit;

(c) An Order that the effective date of FDA approval of ANDA No. 220473 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Hope is or becomes entitled;

(d) Preliminary and permanent injunctions enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity and/or concert with Defendants, from making, using, offering to sell, selling, or importing Somerset's ANDA Product until after the

expiration of the patents-in-suit, or any later expiration of exclusivity to which Hope is or becomes entitled;

(e)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity and/or concert with Defendants, from practicing the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Hope is or becomes entitled;

(f)     A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Product would directly infringe, induce, and/or contribute to infringement of the patents-in-suit;

(g)     To the extent that Defendants, their officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with Defendants, have committed any acts of infringement of the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Hope damages for such acts;

(h)     If Defendants, their officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with Defendants, engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Hope resulting from such infringement, together with interest;

(i)     A Judgment declaring that the patents-in-suit remain valid and enforceable;

(j)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Hope its attorneys' fees incurred in this action;

(k)     A Judgment awarding Hope its costs and expenses incurred in this action; and

(l)  Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
| *Of Counsel*: | ASHBY & GEDDES |
|  | */s/ John G. Day* |
| Anthony M. Insogna | _____ |
| S. Christian Platt | John G. Day (#2403) |
| Kristen E. VandeVoort | Andrew C. Mayo (#5207) |
| JONES DAY | 500 Delaware Avenue, 8th Floor |
| 4655 Executive Drive, Suite 1500 | P.O. Box 1150 |
| San Diego, California 92121-3134 | Wilmington, DE 19899 |
| (858) 314-1200 | Tel: (302) 654-1888 |
|  | jday@ashbygeddes.com |
|  | amayo@ashbygeddes.com |
| Matthew J. Hertko |  |
| Collin J. Kurtenbach | *Attorneys for Hope Medical Enterprises, Inc.* |
| JONES DAY | *d/b/a Hope Pharmaceuticals* |
| 110 North Wacker Drive, Suite 4800 |  |
| Chicago, Illinois 60606 |  |
| (312) 782-3939 |  |

Dated: December 17, 2025